## MELIA v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 84, September Term, 1957.]

*Decided March 6, 1958.*

622

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

On September 30, 1957, Judge Michael Paul Smith, of the Circuit Court for Baltimore County, denied the petition of John R. Melia for a writ of *habeas corpus*. The petitioner has applied to this Court for leave to appeal.

The petitioner pleaded guilty to forgery and uttering and false pretenses in No. 2288 Criminals in the Circuit Court for Montgomery County (Lawlor, J.) on February 11, 1957. He was sentenced on February 25, 1957, to the Maryland House of Correction for a period of three years accounting from September 17, 1956, the date on which he was incarcerated in jail.

The petitioner was also tried and convicted of assault and battery in No. 2112 Criminals in the Circuit Court for Montgomery County (Lawlor, J.) on February 11, 1957, and on February 25, 1957, was sentenced to one year in the same penal institution, the sentence to begin at the expiration of the three-year sentence imposed in No. 2288. Thus, the petitioner was sentenced to a total of four years in both cases from September 17, 1956.

On March 6, 1957, the trial court struck out the "consecutive" sentence in No. 2112, and sentenced the petitioner to one year in the same penal institution, the sentence to run *concurrently* with the three-year sentence previously imposed in No. 2288. Thus, the court reduced the sentence in both cases to a total of three years from September 17, 1956. Judge Lawlor did not disturb the sentence in No. 2288 after it was entered on February 25, 1957.

The petitioner alleges that he is illegally detained because the trial court, in striking out the sentence in No. 2112, also struck out the initial three-year sentence in No. 2288. The petitioner is in error. An examination of certified copies of

the docket entries in the Circuit Court for Montgomery County filed with the record clearly show that the three-year sentence in No. 2288 has never been disturbed, and that the only effect of striking out the one-year sentence in No. 2112 and its immediate re-entry was to make the one-year sentence run *concurrently* with the three-year sentence instead of running *consecutively* thereto, thus making the total time to be served by the petitioner three years instead of four. In other words, when he served the first year of the three-year sentence in No. 2288, he also served the whole term of the one-year sentence in No. 2112. But, because the remainder of the three-year sentence is still in force, the petitioner is not entitled to the writ of *habeas corpus* prayed for. See *Hart v. Warden,* 213 Md. 658, 132 A. 2d 592 (1957).

*Application denied, with costs.*